### STATE, MARY F. RICHEY, PROSECUTRIX, v. GEORGE F. SHURTS, COLLECTOR, &c.

1. An annuitant can only be assessed for the sum actually due and unpaid on the annuity at the time of the assessment. The principal sum producing the annuity, less the sum actually due and unpaid on the annuity, must be assessed to the debtor.
2. *State, Howell, pros., v. Cornell,* 2 *Vroom* 374; *State, Rogers, pros.,* v. *Pettit,* 10 *Vroom* 654, followed.

On *certiorari* reviewing taxation.

Argued at February Term, 1879, before Justices DALRIMPLE, DEPUE and SCUDDER.

For the prosecutrix, *M. Wyckoff.*

For the defendant, *J. T. Bird.*

The opinion of the court was delivered by

SCUDDER, J.   A mortgage was given by Samuel Creveling, Jr., to the prosecutrix, Mary F. Richey, on lands in the township of Bethlehem, in the county of Hunterdon, to secure the payment of a bond dated April 1st, 1864, in the penal sum of $15,692.46, with condition to pay said Mary F. Richey the sum of $470.77, annually during her life, being the interest on $7846.23, the amount of her dower, and pay the principal to her heirs at her decease.   The mortgaged premises were sold by commissioners appointed by the Orphans' Court of the county of Hunterdon, in proceedings for partition, and the amount secured by said bond and mortgage represented the dower right of Mary F. Richey in those lands, which were purchased by Samuel Creveling, Jr.

The mortgagor claimed a deduction for the amount of the mortgage from his taxable property, which was allowed by the assessor, and the total sum was assessed at $8000, against the prosecutrix.

In *State, Howell, pros.*, v. *Cornell*, 2 *Vroom* 274, it was decided that the holder of an annuity bond can only be assessed for the sum actually due and unpaid on the annuity at the time of the assessment, and cannot be taxed for the principal sum producing the annuity.

. This case has been followed in *State, Hill, pros.*, v. *Hansom*, 7 *Vroom* 50, and referred to with approval in other cases.  *State, Rogers, pros.*, v. *Pettit*, 10 *Vroom* 654, is a case where the prosecutors claimed a deduction for the principal sum securing the annuity, from the assessable value of their property ; the assessor allowed the deduction, but the commissioners of appeal struck out the allowance.   On *certiorari* brought by the debtors, the tax was set aside to the amount of $41, the sum due on the annuity, and affirmed as to the balance.

Upon these authorities, the assessment made in this case is

erroneous. The prosecutrix should have been assessed for the sum due and unpaid on her annuity, and the mortgagor, Creveling, for the principal sum producing the annuity, less the amount of annuity due and unpaid by him to the annuitant.

The tax of the prosecutrix will be reduced to the amount of such unpaid annuity, but no costs will be allowed to either party.